UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**DARRYLE POLLARD,**

    Plaintiff,

-vs-                                      CASE NO.
                                         HON.

**CITY OF MUSKEGON HEIGHTS,**
**BRANDON M. DEKUIPER,**
**MICHAEL T. EDENS, and**
**MICHAEL M. RATLIFF,**
**in their individual and official capacities,**

    **Defendants.**

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

### COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **DARRYLE POLLARD,** by and through his attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and for his Complaint against the above-named Defendants, states as follows:

1. Plaintiff is a resident of the City of Muskegon, County of Muskegon, State of Michigan.

2. Defendant City of Muskegon Heights is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendants DeKuiper, Edens, and Ratliff are and/or were police officers working and/or assigned to the City of Muskegon Heights Police Department and were acting under color

1

of law, in their individual and official capacities, and in the course and scope of their employment at all times mentioned herein.

4. All events giving rise to this lawsuit occurred in the City of Muskegon Heights, County of Muskegon, State of Michigan.

5. This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On April 19, 2016, Plaintiff received a telephone call from his daughter regarding an argument she was having with her boyfriend at their residence on Cleveland Street in Muskegon Heights.

10. In response to this telephone call, Plaintiff immediately went to his daughter's residence to check on her.

11. Plaintiff's daughter also called 911; and Defendants Ratliff, DeKuipers, and Edens, along with Officers Kuklewski and Sinclair, arrived at Plaintiff's daughter's residence prior to Plaintiff.

12. When Plaintiff arrived at his daughter's residence, he entered the house by the side door,

which was the commonly-used point of entry into the house.

13. Plaintiff used a cane to walk; and he was using his cane on the date of the subject incident.

14. Upon seeing Plaintiff, the boyfriend of Plaintiff's daughter, who was standing at the top of the stairs near the kitchen, began yelling and swearing at Plaintiff; and otherwise trying to instigate Plaintiff to fight him.

15. When Plaintiff attempted to verbally respond to his daughter's boyfriend, for no reason whatsoever and without any warning whatsoever; Defendants DeKuiper, Ratliff and Edens grabbed Plaintiff; rushed him out the side door of the house; pushed him forcefully against the house; pushed him violently into a truck and/or against the house; twisted his arms; and then ultimately slammed Plaintiff onto the ground.

16. Defendants Ratliff and/or DeKuiper then handcuffed Plaintiff with his hands behind his back.

17. Plaintiff repeatedly told Defendants that he recently had back surgery.

18. After Plaintiff repeatedly complained about his back hurting, Plaintiff was re-handcuffed with his hands in front of him, and placed in the back of the police car by Defendant Ratliff.

19. An ambulance eventually arrived on the scene, and Plaintiff was taken to the hospital by ambulance.

20. As a result of the unlawful actions and/or inactions of these Defendants, Plaintiff suffered injuries and damages.

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 – EXCESSIVE FORCE

21. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

22. At all times relevant herein, Defendants were acting under color of law; acting within the course and scope of their employment; and were acting in their individual and official capacities.

23. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws; including but not limited to the right to be free from a deprivation of liberty, property, bodily security and integrity without due process of law; and the right to be free from the use of unreasonable and/or excessive force.

24. Defendants violated Plaintiff's clearly established and federally protected rights by using excessive physical force against him and/or failing to intervene and stop excessive force from being used against him.

25. Defendants' acts were at all times intentional, objectively unreasonable, reckless, and/or grossly negligent, and in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

26. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT II
## CITY OF MUSKEGON HEIGHTS' CONSTITUTIONAL VIOLATIONS

27. Plaintiff reallege, and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

4

28. Defendant City of Muskegon Heights acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

29. These customs, policies, and/or practices included but were not limited to the following:

    a. Failing to supervise officers to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise officers regarding the proper use of force;

    c. Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

    d. Failing to supervise, review, and/or discipline officers whom Defendant City of Muskegon Heights knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules of Defendant City Muskegon Heights and discipline or reprimand officers who violate these established policies.

30. Defendant City of Muskegon Heights' conduct was so reckless so as to demonstrate a substantial lack of concern for whether an injury resulted.

31. Defendant City of Muskegon Heights' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

32. At the time of the incident complained of herein, it was clearly established that the Fourth Amendment prohibited the use of objectively unreasonable force.

33. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights; and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

    Respectfully submitted,
    CHRISTOPHER TRAINOR & ASSOCIATES

    **s/Shawn C. Cabot**
    CHRISTOPHER J. TRAINOR (P42449)
    SHAWN C. CABOT (P64021)
    Attorneys for Plaintiff
    9750 Highland Road
    White Lake, MI 48386
    (248) 866-8650
    shawn.cabot@cjtrainor.com

Dated: April 11, 2018
SCC/kab

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**DARRYLE POLLARD,**

     Plaintiff,

-vs-                                      CASE NO.
                                           HON.

**CITY OF MUSKEGON HEIGHTS,**
**BRANDON M. DEKUIPER,**
**MICHAEL T. EDENS, and**
**MICHAEL M. RATLIFF,**
**in their individual and official capacities,**

     **Defendants.**

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

## **DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, **DARRYLE POLLARD,** by and through his attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

>Respectfully submitted,
>CHRISTOPHER TRAINOR & ASSOCIATES
>
>**s/Shawn C. Cabot**_____
>CHRISTOPHER J. TRAINOR (P42449)
>SHAWN C. CABOT (P64021)
>Attorneys for Plaintiff
>9750 Highland Road
>White Lake, MI 48386
>(248) 866-8650
>shawn.cabot@cjtrainor.com

Dated: April 11, 2018
SCC/kab