UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DARRYLE POLLARD,

    Plaintiff,

v.

CITY OF MUSKEGON HEIGHTS,
BRANDON M. DEKUIPER,
MICHAEL T. EDENS, and
MICHAEL M. RATLIFF,
In their individual and official capacities,

    Defendants.

Case No.  1:18-cv-00404-GJQ-PJG

HON.  GORDON J. QUIST
MAGISTRATE JUDGE PHILLIP J. GREEN

_____

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for June 4, 2018 at 11:00 a.m. before Hon. Phillip J. Green.  Appearing for the parties as counsel will be:

    Shawn C. Cabot, attorney for plaintiff

    Michael S. Bogren, attorney for defendants

1. **Jurisdiction:**  This case involves federal questions arising under 42 U.S.C. § 1983. The basis for the Court's jurisdiction is 28 U.S.C. §§ 1331 and 1343.

2. **Jury or Non-Jury:**  This case is to be tried before a jury.

3. **Judicial Availability:**  The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case including trial, nor to order the entry of final judgment.

4. **Statement of the Case:**

Plaintiff's claims:  Plaintiff, who walked with the assistance of a cane, went to his daughter's residence on April 19, 2016 after he received a telephone call from his daughter

concerning an argument she was having with her boyfriend. The Defendants were also dispatched to the residence and arrived prior to Plaintiff. Upon his arrival, Plaintiff entered the side door which was the commonly used point of entry. Once Plaintiff entered the home, his daughter's boyfriend began yelling and swearing at Plaintiff and attempting to get Plaintiff to fight with him. When Plaintiff attempted to verbally respond, Defendants DeKuiper, Ratliff, and Edens grabbed Plaintiff; rushed him out of the home; pushed him against the house; pushed him into a truck; and ultimately slammed Plaintiff to the ground. Plaintiff repeatedly told Defendants that he recently had back surgery. An ambulance arrived at the scene and took Plaintiff to the hospital.

<u>Defendants:</u> The defendants responded to a report of a domestic disturbance. Shortly after they arrived the plaintiff, who was the father of the female involved in the domestic disturbance incident, arrived at the scene and attempted to enter the residence. He then got into a verbal altercation with the male involved in the domestic disturbance. The officers attempted to calm the plaintiff down and repeatedly asked him to leave the residence. Plaintiff refused and resisted the officers' attempts to calm him down. The plaintiff physically tried to get by the officers to confront the male involved in the domestic disturbance. The officers then removed plaintiff from the residence, handcuffed him and placed him in the back seat of a police car so they could complete their duties related to the domestic disturbance call. When the plaintiff asked that he be handcuffed in front of his body rather than behind his back the officers acceded to his request. When plaintiff complained of pain an ambulance was summoned and he was transported to the hospital. The officers were entitled to restrain the plaintiff during their investigation due to his interference. They did not slam the plaintiff into anything when they removed him from the residence. At a minimum the officers are entitled to qualified immunity.

5. **<u>Prospects of Settlement</u>:** The prospects of settlement are unknown at this time.

6. **Pendent State Claims:** This case does not involve pendent state claims.

7. **Joinder of Parties and Amendment of Pleadings:** Any motions for joinder of parties or to amend the pleadings will be filed by August 9, 2018.

8. **Disclosure and Exchanges:**

    (a) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

    Initial disclosures to be due by July 9, 2018.

    (b) The plaintiff will provide the names of his expert witnesses to defendants by August 6, 2018. Defendants will provide the names of their expert witnesses to plaintiff by September 10, 2018.

    (c) It would be advisable to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports will be exchanged according to the following schedule:

    From plaintiff to defendants on or before October 1, 2018.

    From defendants to plaintiff on or before November 1, 2018.

    (d) The parties are unable to agree on voluntary production at this time.

9. **Discovery:** The parties believe that all discovery proceedings can be completed by February 14, 2019.

The parties agree with the presumptive limitations on written discovery and the seven hour limitation on depositions. The parties agree there is no need to stage discovery in this case.

10. **Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: Electronically stored information will be produced in its electronic format or in printed form at the discretion of the producing party.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production:**

The parties agree the procedure contained in Fed. R. Civ. P. 26(b)(5)(B) will apply..

12. **Motions:** The parties acknowledge that W.D. Mich. L. Civ. R 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

The defendants contemplate filing a motion for summary judgment after the close of discovery.

The parties anticipate that all dispositive motions will be filed by March 29, 2019.

13. **Alternative Dispute Resolution:** The defendant recommends a settlement conference with the Magistrate Judge. The defendants are not agreeable to participating in VFM. Plaintiff agrees to participate in VFM.

14. **Length of Trial:** Counsel estimate the trial will last approximately 3 full days total, allocated as follows: 2 full days for plaintiff's case, and 1 days for defendants' case.

15. **Electronic Document Filing System:** Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

16.   **Other:**  None.

Respectfully Submitted,

**/s/ Shawn C. Cabot**                                                                **/s/ Michael S. Bogren**
Attorney for Plaintiff                                                                  Attorney for Defendants