UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYLE POLLARD,

    Plaintiff,

v.

CITY OF MUSKEGON HEIGHTS,
BRANDON M. DEKUIPER,
MICHAEL T. EDENS, and
MICHAEL M. RATLIFF,
In their individual and official capacities,

    Defendants.

Case No. 1:18-cv-00404-GJQ-PJG

HON. GORDON J. QUIST

_____

| | |
|---|---|
| Christopher J. Trainor (P42449) | Michael S. Bogren (P34835) |
| Shawn C. Cabot (P64021) | Robert A. Callahan (P47600) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| CHRISTOPHER TRAINOR & ASSOCIATES | PLUNKETT COONEY |
| 9750 Highland Road | 950 Trade Centre Way, Suite 310 |
| White Lake, Michigan 48386 | Kalamazoo, Michigan 49002 |
| (248-886-8650) | (269-226-8822) |
| Shawn.cabot@cjtrainor.com | mbogren@plunkettcooney.com |
| | rcallahan@plunkettcooney.com |

**AMENDED STIPULATED PROTECTIVE ORDER**

    By agreement of the parties, the Court enters the following protective order to govern the disclosure of certain information and documents in this action:

**DEFINITIONS**

    1.    For purposes of this Order, "Confidential Information" shall mean information that is lawfully entitled to confidential treatment under existing Michigan or federal law, including trade secrets, sensitive business or financial information; confidential research, development or commercial and/or technical information; private personal information; information submitted to a governmental office but subject to a

public policy of confidentiality; or information otherwise protected by Michigan statutes including but not limited to information which, if disclosed, would invade privacy rights of persons not parties to this action; whether contained in or constituting documents, things, materials, testimony, answers to interrogatories or requests for admission, pleadings, motions, briefs, audio and video recordings, computer disks and data stored in other electronic storage media or devices, and any other copies, duplications, extracts, or summaries thereof. Such information or documents shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

2.  A "Supplying Party" is any person or entity that produces documents or information in this litigation, whether or not a party to this litigation.

3.  Any person or entity that designates documents and information as Confidential Information, including but not limited to the Supplying Party, shall make such designations only as to those documents and information that the person or entity believes in good faith contain confidential business and/or technical information, proprietary information, trade secrets, and/or other information considered by the parties as confidential, including, without limitation, information which, if disclosed, would invade privacy rights of persons not parties to this action.

4.  As used herein, "documents and information" shall mean and include all documents, things, materials, testimony, and information in whatsoever medium, including without limitation written or printed documents, audio and video recordings, and computer disks and data stored in other electronic storage media or devices and any copies, duplications, extracts or summaries thereof.

**MARKING AND DESIGNATION OF INFORMATION**

5.  Electronic information may be designated as Confidential Information in the same manner as any other document or information (i.e., the contents of any electronic storage device containing Confidential Information and the device itself can be labeled in

the same manner as a document would be labeled). If a person or entity receiving documents or information ("Receiving Party") makes copies, duplications, extracts, or summaries of any Confidential Information, then all copies, duplications, extracts, or summaries shall be marked as the documents or information received are marked.

6. Documents and information disclosed at a deposition may be designated as "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" by either (a) indicating on the record at the deposition that the document or information is confidential and subject to the provisions of this Order, or (b) designating in writing to the other parties within 30 days after receipt of the deposition transcript what the party claims to be Confidential Information. The parties shall have the right to exclude from attendance at a deposition, hearing, or other proceeding, during such time as Confidential Information is to be disclosed, any person or entity not entitled to receive such information. The failure to so exclude any such person or entity shall not be deemed a waiver of the person's or entity's obligations under this Order, to the extent the person or entity is bound by the order, or a waiver of any other person's or entity's obligations under this Order.

7. In producing documents and information for inspection in this litigation, no marking need be made by the Supplying Party in advance of the inspection. Upon selection of specified documents or information for copying by a Receiving Party, the Supplying Party shall mark the copies thereof that contain Confidential Information at the time the copies are produced to the Receiving Party.

8. If a Supplying Party inadvertently produces Confidential Information without designating it as such, that party shall notify the Receiving Party of the designation of the Confidential Information as soon as practical after discovery of the error by the Supplying Party. Upon receipt of notification of the proper designation: (a) the document or information shall be treated as if it had been timely designated as Confidential Information under this Order; and (b) the Receiving Party shall use its best efforts to collect all such Confidential Information from persons and entities who would not have been entitled

access thereto if the document or information had been so designated at the outset. The inadvertent disclosure or inadvertent mismarking by a Supplying Party of documents or information that the party believes to be confidential shall not be deemed a waiver in whole or in part of any party's claim of confidentiality, either as to the specific document or information disclosed or as to any other document or information relating thereto or concerning the same or related subject matter.

### USE OF AND ACCESS TO CONFIDENTIAL INFORMATION

9. Unless otherwise agreed upon in writing by the party or pursuant to court order, Confidential Information of a party produced in this litigation shall not be used by another party or any other person or entity for any purpose other than the prosecution or defense of this action, including without limitation, any appeals.

10. Unless otherwise agreed upon in writing by the party or pursuant to court order, Confidential Information shall not be disclosed by another party or any other person or entity to anyone other than the following:

> (a) counsel for the respective parties who are of record or are otherwise assisting in the prosecution or defense of this action;
>
> (b) secretaries, paralegals, and other clerical or support personnel employed or retained by counsel for a party;
>
> (c) witnesses at trial, hearings, and depositions, as required for the prosecution or defense of this action, but only if: (1) it is reasonable to disclose the document or information to them for purposes of this litigation; and (2) they have signed an agreement in a form substantially similar to Exhibit A attached hereto;
>
> (d) consulting experts and testing experts and their employees who have been engaged by counsel for a party for the purpose of assisting in this litigation, but only if(l) it is reasonable to disclose the document or

information to them for purposes of this litigation; and (2) they have signed an agreement in a form substantially similar to Exhibit A attached hereto;

(e) deposition court reporters and videographers who have signed an agreement in a form substantially similar to Exhibit A attached hereto;

(f) the Court, including judicial employees and all other necessary personnel, such as court reporters;

(g) the author, addressee, or any other person identified as a recipient of specified Confidential Information who would otherwise be entitled to receive it;

(h) the Supplying Party; and

(i) any other persons that the Court may subsequently order.

11. Before disclosing a confidential document to any person listed in subparagraph (a) or (b) who is a customer or competitor of the party that so designated the document (or an employee or consultant of either), the party wishing to make such disclosure shall give at least 15 days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the 15-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until this Court has denied such motion. This Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

(1) As used in this paragraph, the term "customer" means any direct purchaser of products from any defendant, or any regular indirect purchaser of defendants (such as a pharmacy generally purchasing through wholesale houses). The term "customer" is not meant to include physicians.

(2) As used in this paragraph, the term "competitor" means any

manufacturer or seller of drugs.

12. Nothing in this Order shall prohibit any party from disclosing or using that party's own Confidential Information in the prosecution or defense of this action and no such disclosure or use shall affect the confidentiality of such Confidential Information. Any party or other person or entity to whom such Confidential Information is so disclosed shall be bound by the provisions of this Order with respect thereto. All Confidential Information shall be stored in a secure place.

## FILING OF INFORMATION

13. Local Rule 10.6, governs attempting to file documents under seal or on a restricted basis.  As the Rule indicates, the Court rarely grants permission for sealed filings.

## DISPOSITION OF INFORMATION

14. Should any party to this case seek to use any Confidential Information of another party at trial, it shall meet with counsel for that other party in an effort to agree upon a procedure to ensure the confidentiality of the Confidential Information. In the event that counsel are unable to reach agreement, the matter will be submitted to the Court.

15. Upon the request of any party after the final conclusion of this action (including without limitation any appeals), each party shall return all Confidential Information to counsel for the Supplying Party, or shall destroy all Confidential Information. The return of and/or the destruction of Confidential Information under this paragraph shall include, without limitation, all copies, duplications, extracts, and summaries thereof. Parties shall certify in writing that all Confidential Information required to be returned or destroyed has been so returned or destroyed within 14 days of receipt of a written request for such certification. Unless otherwise ordered by the Court, outside counsel for any party, however, may retain: (1) copies of pleadings or other papers that have been filed with the Court and that contain Confidential Information; (2) their work product; and (3) official transcripts and exhibits thereto. The terms and provisions of this Order shall continue to apply to any such materials retained by counsel. The Court will

not return any information filed with the Court.

## SUBPOENA BY OTHER COURTS OR AGENCIES

16. If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

## RESPONSIBILITY OF ATTORNEYS; COPIES

17. The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this order, duplication of, access to, and distribution of stamped confidential documents, including abstracts and summaries thereof. No duplications of stamped confidential documents shall be made except by counsel to provide working copies and for filing in Court under seal. The attorneys of record in this litigation shall maintain a log of all copies made, in which they shall record the date of making of the copy, identify the material copied and list the person or persons to whom the copy was provided. Any copy provided to a person listed in subparagraphs 11(a) and 11(b) shall be returned to counsel of record upon completion of the purpose for which such copy was provided and the fact and date of the return shall be noted in the attorneys' log.

## RELEVANCE

18. The designation of documents as CONFIDENTIAL, pursuant to this Stipulation and Order, shall not be construed as a concession by a party that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that said documents are, in fact, privileged, confidential, proprietary or trade secret documents.

## INADVERTENT OR UNINTENTIONAL PRODUCTION

19. The inadvertent or unintentional production of documents containing, or otherwise disclosing, confidential, privileged, private, proprietary or trade secret

information without being designated CONFIDENTIAL at the time of production or disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any error in designation shall be corrected within a reasonable time after the producing party becomes aware of the error.

## SCOPE

20. Unless otherwise agreed in writing by the parties or ordered by this Court, this Stipulation and Order shall remain in effect as between the parties after the final resolution of this dispute by any means.

## GENERAL

21. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, neither the failure to designate any document or information in accordance with this Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose a designation or challenging the propriety thereof. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of any document or information in response to discovery or to object to a requested inspection of documents or information, and, except as expressly provided, shall not relieve any party of the obligation of producing any document or information in the course of discovery.

22. Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection concerning: (1) the confidentiality of documents or information; or (2) relief from this Order concerning particular documents or information.

23. Nothing in this Order shall be construed as requiring the filing of discovery materials that are not otherwise required to be filed.

24. Any party may seek to modify this Order by application to the Court.

25. This Agreed Protective Order may be executed in one or more counterparts, all of which together shall constitute this same Order.

**SO ORDERED.**

Dated: February 21, 2019                    /s/ Phillip J.  Green
                                            PHILLIP J. GREEN
Approved as to content and form:            United States Magistrate Judge

Dated:  February 20, 2019                     /s/ Shawn C. Cabot
                                            Shawn C. Cabot (P64021)
                                            Attorney for Plaintiff

Dated:  February 20, 2019                     /s Robert A. Callahan
                                            Robert A. Callahan  (P47600)
                                            Attorney for Defendants

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYLE POLLARD,

    Plaintiff,                                                  Case No.  1:18-cv-00404-GJQ-PJG

v.                                                             HON.  GORDON J. QUIST

CITY OF MUSKEGON HEIGHTS,
BRANDON M. DEKUIPER,
MICHAEL T. EDENS, and
MICHAEL M. RATLIFF,
In their individual and official capacities,

    Defendants.
_____

| | |
|---|---|
| Christopher J. Trainor (P42449) | Michael S. Bogren (P34835) |
| Shawn C. Cabot (P64021) | Robert A. Callahan  (P47600) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| CHRISTOPHER TRAINOR & ASSOCIATES | PLUNKETT COONEY |
| 9750 Highland Road | 950 Trade Centre Way, Suite 310 |
| White Lake, Michigan   48386 | Kalamazoo, Michigan   49002 |
| (248-886-8650) | (269-226-8822) |
| Shawn.cabot@cjtrainor.com | mbogren@plunkettcooney.com |
| | rcallahan@plunkettcooney.com |

## **AGREEMENT AND UNDERSTANDING OF PROTECTIVE ORDER**

     I, _____, declare as follows:

     1.    I have read a copy of the Agreed Protective order entered in the above-captioned case with respect to the treatment of confidential discovery materials, and I understand that I am bound by its terms.

     2.    I consent to the jurisdiction of the United States District Court Western District Southern Division for all purposes related to the enforcement of the obligations covered, created, or recognized by the protective order.

3.      I hereby agree that I shall not disclose or use any information designated as confidential pursuant to the protective order, except in accordance with the terms thereof. I understand that unauthorized disclosure of the stamped confidential documents and their substance constitutes contempt of court.

I declare under penalty of perjury under the laws of the State of Michigan that the foregoing is true and correct.

Executed this __ day of _____, 2019.

                                                                                          _____
                                                                                          NAME

Open.00560.81626.21167030-1